# Court of Appeals
# of the State of Georgia

ATLANTA,  August 11, 2026

*The Court of Appeals hereby passes the following order:*

## A27A0058. BRYAN T. WILLIAMS v. ONEMAIN FINANCIAL TERM FUNDING I, LLC, SUCCESSOR IN INTEREST TO ONEMAIN FINANCIAL GROUP, LLC.

In this civil action, the trial court entered a default judgment in favor of plaintiff OneMain Financial Term Funding I, LLC, successor-in-interest to OneMain Financial Group, LLC. Pro se defendant Bryan Williams filed an OCGA § 9-11-60(d)(1) motion to set aside the judgment, which the trial court denied. We dismissed Williams's ensuing direct appeal for failure to comply with the discretionary review procedures under OCGA § 5-6-35(a)(8) and (b). *Williams v. OneMain Financial Term Funding I, LLC*, Case No. A26A1147 (Feb. 20, 2026).

The day that this Court's remittitur issued in Case No. A26A1147, Williams filed a second motion to set aside, this time under OCGA § 9-11-60(d)(3). He subsequently filed a motion to compel arbitration and stay the proceedings. The trial court denied both motions, and Williams filed this direct appeal. We again lack jurisdiction.

As we explained in our dismissal order in Case No. A26A1147, the denial of a motion to set aside a judgment under OCGA § 9-11-60(d) must be initiated by filing an application for discretionary review. OCGA § 5-6-35(a)(8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dep't of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). The denial of Williams's motion to compel arbitration and stay the proceedings does not impact the applicability of the

discretionary appeal statute in this case because he could not seek to compel arbitration before setting aside the judgment against him. See generally *Voyles v. Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017). Consequently, Williams's failure to comply with the discretionary review procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Jim Ellis Atlanta*, 283 Ga. App. at 116–17; *Smoak*, 221 Ga. App. at 257–58.

We may impose sanctions upon parties who file frivolous direct appeals. See Ga. Ct. App. R. 7(e)(2). Given our dismissal of Case No. A26A1147 on the same grounds on which we dismiss the current appeal, we find this appeal to be frivolous. We therefore caution Williams that any future frivolous filings in this Court may result in the imposition of sanctions.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__08/11/2026_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*